**Sharon Lynn GAEHLE and Ervin E. Gaehle, Plaintiffs-Appellants,**

v.

**Ronald Michael SKYLES, Defendant-Respondent.**

No. 40275.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 27, 1979.

Paul A. Hennerich, III, Clayton, for plaintiffs-appellants.

John M. Goodwin, Richard J. Mehan, Jr., Thomas, Busse, Goodwin, Cullen, Clooney & Gibbons, St. Louis, for defendant-respondent.

KELLY, Judge.

Sharon Lynn Gaehle, a minor, and her father and next friend, Ervin E. Gaehle, appeal from a judgment of the Circuit Court of St. Louis County entered on a jury verdict in which the jury found against them on their claim for personal injuries and resulting medical expenses, and in favor of the defendant, Ronald Michael Skyles, awarding him $6500.00 in damages on his counterclaim for personal injuries. We affirm.

The appellants raise three Points Relied On as grounds for reversal of the judgment of the trial court. All three involve alleged error in two instructions which appellants contend deviated from the applicable M.A.I. pattern instructions submitting respondent's theory that Miss Gaehle's negligence in driving on the wrong side of the road caused the collision whereby Mr. Skyles was injured.

Miss Gaehle and her father instituted this proceeding by the filing of a two count petition. In Count I she sought damages for her personal injuries allegedly sustained in the collision and in Count II her father sought to recover for medical expenses he incurred by reason of his daughter's injuries sustained in the collision. Mr. Skyles filed his answer, raising the defense of contributory negligence and a counterclaim for damages he allegedly sustained in the collision. Miss Gaehle filed a reply to Mr. Skyles' counterclaim and alleged his contributory negligence as a defense to the counterclaim.

The facts are rather simple. On June 7, 1975, at some time between 5:00 and 5:30 p. m., Miss Gaehle was operating her father's 1966 Chevrolet Impala motor vehicle southward on Pond Road in St. Louis County. At the same time Mr. Skyles was driving his 1975 Chevrolet Vega in a northerly direction on Pond Road in the vicinity. The weather was dry and clear and visibility was good. Miss Gaehle was alone; Mr. Skyles had a passenger, Michael F. Morrison, riding with him. The two cars collided, left side with left side.

Pond Road, at the scene of the collision, runs north-south and has no markings or stripes identifying the center line of the roadway. The place where the collision occurred is on a flat section of the road, approximately 40 to 50 feet from a small hill in the road which constituted a visual obstruction of a southbound car to an operator of a northbound automobile until his motor vehicle came over the hill. The speed limit was 30 m. p. h. in this area.

Both drivers maintained they were on their proper side of the road as they approached each other from opposite directions. Miss Gaehle testified that she was driving between 25 and 30 m. p. h. and Mr. Skyles, that he too was driving approximately 25 m. p. h. Both sustained injuries as a result of the collision. Mr. Morrison's testimony, by deposition, was that Mr. Skyles never crossed the center of the road and that Morrison saw the automobile operated by Miss Gaehle in the middle of the road when it was approximately 100 feet from Mr. Skyles' automobile prior to the collision.

Mr. Skyles submitted his counterclaim on the theory that Miss Gaehle "drove on the wrong side of the road," and was thereby negligent, and as a direct result of such negligence he sustained damage. This theory was submitted to the jury in an instruction identified as: "MAI 17.01, MAI 17.13 (modified)."

Appellants' first Point Relied On is that the trial court erred in denying their motion for new trial because respondent's verdict directing instruction incorporated in the M.A.I. 17.01 pattern instruction a first paragraph "Wrong-side-of-the-road" submission which deviated from the approved pattern instruction in effect when the case was tried on December 5 through 8, 1977.[1]

■ Respondent recognizes that the submission of the instruction in this form was error which is presumptively prejudicial, *Means v. Sears, Roebuck & Company*, 550 S.W.2d 780, 786[1] (Mo.banc 1977); however, he argues that we are required by Rule 70.02(e) to judicially determine its prejudicial effect on these appellants, if any, and he accepts the legal principle that the burden is on him to convince us that no prejudice resulted.

■ M.A.I. 17.13 has undergone two revisions since its adoption in 1969. For some unexplained reason respondent drafted his verdict director in the pre-1973 approved instruction form. There, the jury was told that it was to find for the respondent, if Miss Gaehle drove on the wrong side of the road, was thereby negligent, and as a direct result of her negligence he was damaged. Miss Gaehle submitted a contributory negligence instruction that the jury had to find for her on respondent's counterclaim if his "automobile was on the wrong side of the road at the time of the collision," respondent was thereby negligent, and his negligence in this respect directly caused or contributed to cause any damage he may have sustained. It is clear from these instructions, as well as the other instructions in the case, that the principal issue for the jury to decide was which of these drivers, Miss Gaehle or Mr. Skyles, was on the wrong side of the road at the time of the collision.

According to the evidence, Pond Road, at the scene of the collision was between 15 and 20 feet wide; the Gaehle automobile was approximately 6 feet wide and the Skyles vehicle approximately 5 feet wide. There was no evidence that there were any vehicles on or at the side of Pond Road in the vicinity of the collision at the time it

1. *See: McCroskey v. Marshall*, 519 S.W.2d 717, 719–720 (Mo.App.1975) and *Pittock v. Gardner*, 530 S.W.2d 217, 219–220 (Mo.1975) for the changes made in M.A.I. 17.13 and the reasons for said changes.

occurred. Mr. Skyles' testimony was that he was on his side of the road when the collision took place. His testimony in this respect was corroborated by his passenger, Mr. Morrison, who also testified that the Gaehle vehicle was about two and one-half feet on the wrong side of Pond Road for southbound traffic when he first observed it about 100 feet distant and that it continued on the wrong side of the road until the left front fender of the Gaehle car collided with the left front fender of the Skyles' vehicle. According to Mr. Morrison, Mr. Skyles was on his side of the road at all times and the impact occurred in the northbound traffic lane of Pond Road.

Under the evidence the sole issue was which vehicle was on the wrong side of the road when the collision occurred. According to appellants' evidence respondent's car came north on Pond Road in the southbound lane of traffic and collided with the "front left" of the Gaehle car. Respondent's evidence was directly contradictory and was that Miss Gaehle drove the car she was operating on the wrong side of the road for a distance of 100 feet into collision with the automobile he was operating northbound.

We conclude that respondent's submission, although error, did not prejudice appellants in light of the evidence, and did not, in fact, conflict with the other instructions in the case. Respondent's submission actually required that the jury find more than the approved pattern instruction applicable at the time required. To find for respondent under respondent's submission the jury not only had to find that the automobile Miss Gaehle was driving was on the wrong side of the road, but that she drove it there and in so doing was negligent.[2] We cannot conceive how appellants could have been prejudiced by this portion of the submission.

However, the question remains whether the omission of the words "at the time of the collision" was error. Rule 70.01 was renumbered to the present Rule 70.02 and amended on April 7, 1977, effective December 1, 1977. As amended, Rule 70.02 reads:

(c) Violation of Rule—Effect. The giving of an instruction in violation of the provisions of this Rule shall constitute error, its prejudicial effect to be judicially determined. *However, the use of an approved instruction or following notes on use before the effective date shall not be presumed to be error.* (emphasis supplied).

Notice of these changes was published in the Journal of the Missouri Bar, Volume 33, 195–196 (Apr.-May, 1977), and they were in effect when this cause was tried and the instruction submitted.

Furthermore, the Supreme Court by Court Order of August 26, 1977, revised M.A.I. 17.13 by deleting from its 1973 approved instructions the words "at the time of the collision." Notice of this revision was published in Volume 33 of the Journal of the Missouri Bar, pp. 459–460 (Apr.-May, 1977) and the revised instruction became effective on January 1, 1978.

◼ Although respondent did not use a revised approved instruction prior to its effective date the omission of words which were deleted from the applicable approved instruction on the same theory of recovery taking effect within twenty-three days of the date on which the submission was read to the jury should not, in our opinion be held prejudicial in the absence of a showing of prejudice.

Appellants' only argument on this Point is that this instruction "deviated" from the approved pattern instruction and is therefore presumptively prejudicial. Relying on this presumption, they do not present any further argument nor point out how they were prejudiced.

To overcome the presumption of prejudice respondent argues that the omission of these words was not prejudicial because the revision of the instruction effective on January 1, 1978, removed those same words and thus the Supreme Court and its Committee on Instructions did not consider them indispensible to a proper submission of wrong-side-of-the-road negligence.

2. For cases discussing skidding automobiles, see fn. 1, supra.

While we do not condone modifications or changes in pattern instructions and are well aware of the danger in permitting any deviations therefrom, we believe the facts in this case were so clearly drawn, and the issues so uncomplicated, that nothing in the instructions, taken as a whole, could have misled the jury to the appellants' prejudice. We rule this point against the appellants.[3]

■ Appellants second Point Relied On is that the trial court erred in denying their motion for a new trial because respondent's contributory negligence instruction improperly incorporated "the old M.A.I. 17.13," i. e. "that the plaintiff, Sharon Gaehle drove on the wrong side of the road."

The instruction under attack is an M.A.I. 32.01 instruction submitting Miss Gaehle's contributory negligence as a bar to her claim and Mr. Gaehle's claim for medical expenses incurred by reason of the injuries his daughter sustained in the collision. As submitted, it reads:

### INSTRUCTION NO. 7

Your verdict must be for defendant on plaintiffs' claims for damages whether or not defendant was negligent if you believe:

FIRST, plaintiff Sharon Gaehle drove on the wrong side of the road, and

SECOND, plaintiff Sharon Gaehle's conduct, as submitted in paragraph FIRST, was negligent, and

THIRD, such negligence of plaintiff Sharon Gaehle directly caused or directly contributed to cause any damage which plaintiffs may have sustained.

As tendered by respondent to the trial court, it was marked: "MAI 32.01, 17.13 (modified)."

Appellants' argument on this Point is the same as that directed against respondent's verdict-director in Point I; i. e., that the "old MAI 17.13" was used and therefore prejudicial error must be presumed. This point has been ruled otherwise in *Pittock v. Gardner*, 530 S.W.2d 217, 219–220 (Mo.banc 1975), where the Supreme Court took note of the fact that the instruction committee and the Supreme Court had overlooked the necessity of modifying MAI 32.01 so that it would conform to revised MAI 17.13. When this case was tried MAI 32.01 was as yet unchanged to reflect the change in MAI 17.13 which became effective on July 1, 1973, and therefore, as the Supreme Court said in *Pittock*, supra, l. c. 220: "The attorney for defendant and the trial court properly relied on the authenticity of 32.01 and cannot be faulted for using it." [4]

We hold that the trial court did not err in denying appellant's motion for new trial on this ground.

Appellants' final Point Relied On is that the trial court erred in denying their motion for new trial because respondent's verdict directing and contributory negligence instructions were improper modifications of MAI 17.13.

By our holdings in Points I and II we have disposed of these contentions and therefore rule this point against appellants.

Judgment affirmed.

STEPHAN, P. J., and STEWART, J., concur.

3. The respondent contends that this appeal is moot because after the judgment was entered by the trial court, counsel for Mr. Gaehle's insurance carrier satisfied the $6500.00 judgment with the defendant on the counterclaim for $6,000.00 and therefore, to reverse the case on any of the grounds raised by the appellants could result in an inconsistent jury verdict at retrial on appellants' claim; further, that appellants are collaterally estopped by reason of the jury verdict finding Miss Gaehle negligent and Mr. Skyles not negligent. We do not reach this point.

4. In reaching this result we are not unmindful of respondent's marking this instruction as "(MAI 32.01, 17.13 (modified))." The transcript does not reflect what occurred at the conference of counsel with respect to the consideration of the instructions as required by Rule 70.01(a) and appellants admit in their brief that no specific objections were raised to this instruction prior to the filing of their motion for new trial as authorized by Rule 70.02. We may not assume from this record that the trial judge did not refer to MAI 32.01 prior to submitting this instruction and determined that it was in proper form, thereby disregarding the reference to MAI 17.13.